UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DEBBY MOORE,** *as personal representative of the estate of* **RICHARD STRICLER,** *deceased*, <br><br> Plaintiff, <br><br> v. <br><br> **TEXAS ROADHOUSE OF FORT WAYNE, LLC,** <br><br> Defendant. | CAUSE NO. 1:12-CV-379 |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The Notice of Removal alleges that "Defendant Texas Roadhouse of Fort Wayne, LLC is organized under the laws of the Commonwealth of Kentucky.  Its principal place of business is in Louisville, Kentucky.  On information and belief, Plaintiff Debby Moore . . . is a citizen of the State of Indiana."  (Notice of Removal ¶ 4.)

Defendant's Notice of Removal, however, is inadequate for two reasons.  First, as to Defendant Texas Roadhouse of Fort Wayne, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, merely alleging that Texas Roadhouse of Fort Wayne, LLC is organized under the laws of Kentucky and has its principal place of business in Kentucky is insufficient.  Rather, the Court must be advised of the citizenship of all the members of Texas Roadhouse of Fort Wayne, LLC to ensure that none of its members share a common

1

citizenship with Plaintiff.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Texas Roadhouse of Fort Wayne, LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Moreover, as to Plaintiff Debby Moore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Consequently, Defendant must amend its Notice of Removal to properly allege the citizenship of Plaintiff Debby Moore on personal knowledge rather than on information and belief.

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before November 13, 2012, properly alleging the citizenship of Defendant Texas Roadhouse of Fort Wayne, LLC and Plaintiff Debby Moore.

SO ORDERED.

Enter for this 30th day of October, 2012.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge